UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

---

IVY CASTILLO and LEENA ZACHARIAH,

    Plaintiffs,

-vs-                                  Case No: 16-cv-6235

BRIDGEWAY SENIOR LIVING, LLC,      **JURY DEMAND**

    Defendant.

---

**COMPLAINT**

---

This is a civil action brought by the Plaintiffs, Ivy Castillo and Leena Zachiariah, and their undersigned attorneys, Fox & Fox, S.C., against Bridgeway Senior Living, LLC, ("Bridgeway") alleging violations of 29 U.S.C. § 201, et seq., the Fair Labor Standards Act ("FLSA"), and 820 ILCS § 105/1 et seq., the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 115, et seq., the Illinois Wage Payment and Collection Act ("IWPCA"), and 740 ILCS §174, the Illinois Whistleblower Act ("IWA"). Plaintiffs allege that defendant Bridgeway did not pay them wages that were due them for work performed, and retaliated against them for protected reporting to a government agency, in violation of these statutes. Plaintiffs seek damages for unpaid wages, monetary damages, attorney fees, and other equitable and injunctive relief.

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over plaintiffs' federal claims under 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1337 (actions arising under acts of Congress relating to commerce). This Court has supplemental jurisdiction over the Illinois state law claims through 28 U.S.C. § 13676 because they are so related to Plaintiffs' federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2. The Northern District of Illinois is the proper venue for this action pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to the Plaintiffs' claims occurred in this judicial district.

## II. PARTIES

3. Plaintiff Ivy Castillo is an adult resident of DuPage County in the State of Illinois, who was employed by the Defendant at its nursing and assisted living facility in Bensensville, Illinois.

4. Plaintiff Leena Zachariah is an adult resident of DuPage County in the State of Illinois, who was employed by the Defendant at its nursing and assisted living facility in Bensenville, Illinois.

5. Defendant Bridgeway is a corporation doing business within this judicial district and an "employer" under the FLSA, IMWL and IWPCA.

### III. FACTUAL ALLEGATIONS

### Bridgeway

6. Bridgeway is a rehabilitation and nursing facility in Bensenville, Illinois, which provides various short and long term medical care to patients and residents.

7. Bridgeway employs a variety of medical professionals, including but not limited to nurses.

### Ivy Castillo

8. Plaintiff Castillo is a Registered Nurse who began working for Bridgeway in January 2015, after Bridgeway purchased the facility from Bridgeway Christian Village, Castillo's previous employer of nearly 8 years.

9. Castillo's position with Bridgeway was Assistant Director of Nursing, a salaried position calling for her to work 40 hours per week with specific Assistant Director duties.

10. In addition to these duties as the Assistant Director of Nursing for Bridgeway however, Castillo was regularly required to provide weekend on-call coverage for Bridgeway and floor nursing duties during weekends when the facility was short-staffed.

11. These additional on-call duties and floor nursing coverage duties required Castillo to frequently work far in excess of 40 hours per week and often seven days per week. Indeed her workweek often more than doubled the 40-hour workweek upon which her salary was based.

3

12. Castillo was not paid for performing these additional duties or for working these additional hours.

13. On or about March 27, 2015, in the midst of working seven straight days, Castillo complained to her supervisors about the fact that she was not being paid for performing duties and working hours that exceeded those upon which her salary was based.

14. Less than a week later, on or about April 1, 2015, Castillo was forced to self-demote to a floor nurse position.

15. On April 28, 2015, Castillo was approached and questioned by a surveyor from the Illinois Department of Public Health regarding staffing and resident care concerns.

16. Castillo disclosed to the surveyor that Bridgeway was constantly short of nursing staff, which increased the risk for resident safety and care needs; Castillo also disclosed scheduling improprieties and Bridgeway management responses to these concerns.

### **Leena Zachariah**

17. Plaintiff Zachariah is a Registered Nurse who began working for Bridgeway in January 2015, after Bridgeway purchased the facility from Bridgeway Christian Village, Zachariah's previous employer of more than 2 years.

18. Zachariah's position with Bridgeway was Nursing Manager, a salaried position calling for her to work 40 hours per week with specific Nursing Manager duties.

19. In addition to these duties as the Nursing Manager for Bridgeway however, Zachariah was regularly required to provide weekend on-call coverage for Bridgeway and floor nursing duties during weekends when the facility was short-staffed.

20. These additional on-call duties and floor nursing coverage duties required Zachariah to frequently work far in excess of 40 hours per week and often seven days per week. Indeed her workweek often more than doubled the 40-hour workweek upon which her salary was based.

21. Zachariah was not paid for performing these additional duties or for working these additional hours.

22. On or about March 27, 2015, Zachariah complained to her supervisors about the fact that she was not being paid for performing duties and working hours that exceeded those upon which her salary was based.

23. Less than a week later, on or about April 1, 2015, Zachariah was forced to self-demote to a floor nurse position.

24. On April 28, 2015, Zachariah was approached and questioned by a surveyor from the Illinois Department of Public Health regarding resident care concerns, specifically wound care concerns.

25. Zachariah disclosed to the surveyor that Bridgeway was constantly short of nursing staff, which increased the risk for resident safety and care needs; Castillo also provided the surveyor with examples of wound care and answered the surveyor's questions regarding procedures and diagnosis.

26. Two days later, on April 30, 2015, Bridgeway terminated the employment of Zachariah and Castillo.

### IV. FIRST CAUSE OF ACTION

(Unpaid Wages Under the IWPCA)

27. For a first cause of action against Bridgeway, Plaintiffs reallege each of the preceding paragraphs 1-22 as though set forth here.

28. The IWPCA requires employers to pay employees all wages earned by an employee during a semi-monthly or bi-weekly pay period no later than 13 days after the end of the pay period in which such wages were earned. The IWPCA also requires employers to pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee.

29. Defendant Bridgeway failed to pay the Plaintiffs the wages they were owed as required under the IWPCA and further violated the IWPCA by retaliating against the Plaintiffs for complaining about not being paid for all of the time they worked.

30. As a direct and proximate result of Bridgeway's unlawful conduct, Plaintiffs have suffered and will continue to suffer lost wages and other damages.

## V. SECOND CAUSE OF ACTION

(Unpaid wages and Overtime wages - FLSA)

31. For a second cause of action against Bridgeway, Plaintiffs reallege each of the preceding paragraphs 1-30 as though set forth here.

32. Plaintiffs were directed by Bridgeway to work, and did so work, in excess of forty (40) hours per week.

33. Bridgeway did not compensate Plaintiffs at a rate of at least one and one-half (1.5) times their regularly hourly rate of pay, or at all, for all hours worked in excess of forty (40) hours in their individual workweeks.

34. Bridgeway's failure and refusal to pay overtime wages, or any wages, for hours worked in excess of forty (40) hours per week violated the FLSA.

35. Bridgeway's failure and refusal to pay overtime wages, or any wages, for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

36. By engaging in the conduct described above, including but not limited to, demoting and then terminating the Plaintiffs, Bridgeway retaliated against the Plaintiffs in violation of the FLSA.

37. Plaintiffs are entitled to recover their unpaid overtime wages for the hours they worked in excess of forty (40) hours between January 2015 and April 30, 2015.

## VI. THIRD CAUSE OF ACTION

(Overtime wages - IMWL)

38. For a third cause of action against Bridgeway, Plaintiffs reallege each of the preceding paragraphs 1-37 as though set forth here.

39. Plaintiffs were directed by Bridgeway to work, and did so work, in excess of forty (40) hours per week.

40. Bridgeway did not compensate Plaintiffs at a rate of at least one and one-half (1.5) times their regularly hourly rate of pay, or at all, for all hours worked in excess of forty (40) hours in their individual workweeks.

41. Bridgeway's failure and refusal to pay overtime wages, or any wages, for hours worked in excess of forty (40) hours per week violated the IMWL.

42. By engaging in the conduct described above, including but not limited to, demoting and then terminating the Plaintiffs, Bridgeway retaliated against the Plaintiffs in violation of the IMWL.

43. Plaintiffs are entitled to recover their unpaid overtime wages for the hours they worked in excess of forty (40) hours between January 2015 and April 30, 2015.

## VII. FOURTH CAUSE OF ACTION

(Retaliation – IWA - Castillo)

44. For a fourth cause of action against Bridgeway, Plaintiffs reallege each of the preceding paragraphs 1-43 as though set forth here.

45. The IWA provides, in pertinent part, that: "An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has a reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation."

46. Castillo was concerned, and had a reasonable, good faith belief that Bridgeway was constantly short of nursing staff, which increased the risks for resident safety and care needs, and which violated applicable regulations and standards of care for a facility like Bridgeway.

47. By reporting her concerns to the Illinois Department of Public Health, Castillo engaged in legally protected activity under the IWA.

48. Bridgeway's retaliation against and/or termination of Castillo's employment, as alleged, was because of, or motivated by, her legally protected activities, and violated the IWA.

49. As a direct and proximate result of Bridgeway's wrongful conduct, as alleged, Castillo has been damaged in that she has lost employment related compensation, has suffered humiliation, distress, and anxiety, and has and will continue to incur legal fees and costs of suit.

## VIII.  FIFTH CAUSE OF ACTION

(Retaliation – IWA - Zachariah)

50. For a fourth cause of action against Bridgeway, Plaintiffs reallege each of the preceding paragraphs 1-49 as though set forth here.

51. The IWA provides, in pertinent part, that: "An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has a reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation."

52. Zachariah was concerned, and had a reasonable, good faith belief that Bridgeway was constantly short of nursing staff, which increased the risks for resident safety and care needs, specifically wound care needs, and which violated applicable regulations and standards of care for a facility like Bridgeway.

53. By reporting her concerns to the Illinois Department of Public Health, Zachariah engaged in legally protected activity under the IWA.

54. Bridgeway's retaliation against and/or termination of Zachariah's employment, as alleged, was because of, or motivated by, her legally protected activities, and violated the IWA.

55. As a direct and proximate result of Bridgeway's wrongful conduct, as alleged, Zachariah has been damaged in that she has lost employment related

compensation, has suffered humiliation, distress, and anxiety, and has and will continue to incur legal fees and costs of suit.

## IX.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request judgment in their favor on all of their claims and relief as follows:

A.  Lost wages, with interest, owed to each Plaintiff;

B.  Overtime wages due to each Plaintiff as provided by the FLSA and IMWL;

C.  Liquidated damages to each Plaintiff as provided by the FLSA in an amount equal to the amount of unpaid overtime wages;

D.  Compensatory damages as allowed under the IWPCA and IWA in an amount to be determined;

E.  Pre-judgment interest as allowed under the IWPCA and IWA;

F.  Plaintiffs' reasonable attorneys fees and costs incurred in bringing this action;

G.  An order declaring that the Defendant has violated the IWPCA, the IMWL, the FLSA, and the IWA and enjoining Defendant from further engaging in unlawful practices under these statutes;

H.  Such other relief as the Court may deem just and proper.

Dated at Monona, Wisconsin this 15th day of June 2016.

          Respectfully submitted:

          FOX & FOX, S.C.

          s/ Randall B. Gold
          Randall B. Gold
          124 W. Broadway
          Monona, WI 53716
          T: 608-258-9588
          E: rgoldlaw@aol.com
          IL Bar No. 6190918